UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WARRIOR LACROSSE, INC.,
a Michigan Corporation,

                Plaintiff,

v.
                                      Case Nos. 04-70363 & 04-71842
                                      Honorable Julian Abele Cook, Jr.

STX, L.L.C., a Maryland Limited
Liability Company,

                Defendants.

<u>ORDER</u>

    This case involves a series of allegations by the Plaintiff, Warrior Lacrosse, Inc. ("Warrior"), who maintains that the Defendant, STX, L.L.C ("LLC"), infringed upon two of its patents; namely, U.S. Patent No. 6,561,932 and U.S. Patent RE 38, 216. [1]  At issue is a motion that has been filed by Warrior, in which it asks the Court to reconsider its decision of June12, 2007 [2]because of newly discovered evidence which reflects acts of "inequitable conduct" by STX."[3]

---

     [1]Warrior and STX are business competitors, both of whom sell lacrosse sticks throughout the State of Michigan.

     [2]Ordinarily a petition for reconsideration in this District is subject to the restrictions within its Local Rules.  See generally E.D.Mich. LR 7.1. However, the Court believes that the contention by Warrior on the basis of "newly discovered" evidence eliminates the necessity of satisfying its compliance with the applicable Local Rule.  Hence, Warrior's request for relief will be evaluated on the strength of the parties' respective arguments.

     [3]Warrior also seeks to obtain a modification of an order by the Court on  June 12, 2006. However, inasmuch as this secondary request for relief overlaps Warrior's other application (as set forth in this motion) it will be subsumed into the decision by the Court regarding the pending petition for reconsideration.

For the reasons that have been set forth below, the Court will decline Warrior's application for relief.

I.

As a predicate to this motion, Warrior points to Robert Rule who, in an appearance before a NCAA Lacrosse Rules Committee ("NCAA Committee") in 1983, allegedly produced a lacrosse stick with an "offset" head that had been placed on the market by Brine, Inc ("Brine"). The exact content of Rule's presentation has been the subject of great dispute between the parties since that time. As an example, Warrior has accused Rule as having presented a STX lacrosse stick to the NCAA Committee which, in essence, constitutes an unauthorized infringement of its patents. STX rejects this accusation as being completely without merit.

When the parties were unable to resolve their differences amicably, the matter was brought to the attention of the Court in the form of a motion by Warrior during the early part of 2006. In the course of a subsequent hearing on the issues in dispute, the parties adopted diametrically opposing positions regarding the applicability of the minutes of the 1983 NCAA Committee meeting to any of the issues in this litigation. Warrior argued that these minutes are not relevant to this controversy and should not be considered by the Court. On the other hand, STX contended that this information was absolutely essential to its defense against Warrior's quest for the imposition of sanctions because of its alleged "inequitable conduct."

On June 12, 2006, the Court agreed with STX, opining that "[t]he information pertaining to the 1983 meeting minutes was material in this case because it influenced the . . . decision [of the United States Patent and Trademark Office examiner] to approve the reissue patent application." Approximately ten days later (June 22nd) and following a hearing before a magistrate judge, to whom the issue of sanctions had been referred for a report and recommendations, Warrior asserts

that it acquired newly discovered evidence which suggests that STX's proffered explanation to this Court relating to Rule's representation before the 1983 NCAA Committee was made with the knowledge of its falsity. Thus, Warrior now asks the Court to reconsider its decision of June 12th with regard to the materiality of the information that STX seeks to utilize in its defense to the "inequitable conduct" issue, citing Fed. R. Civ. P. 60(b).[4]

In essence, it is Warrior's position that Rule acknowledged - for the first time - that the photos taken by him in 1997 and displayed to the NCAA Committee in 1983, as well as the lacrosse head, were not prototypes of the sporting equipment that had been previously claimed by him. According to Warrior, Rule acknowledged that he had erroneously believed the Laser HiWall model (photographed in 1997) was the prototype of the lacrosse stick that had been presented by him to the NCAA Committee in 1983.

As further evidence of the alleged "inequitable conduct," Warrior asserts that STX withheld two product catalogues during the discovery period, both of which would have (1) revealed the introduction dates for the Laserlite lacrosse head in1983 and the Laser HiWall lacrosse head in 1987, and (2) disclosed the substantive differences in their configurations. According to Warrior, STX was fully aware that its HiWall lacrosse head had not been introduced to the general public until 1987. Moreover, Warrior points to the attendance of STX's Vice President-General Counsel, David Emala at Rule's deposition in 2001, as well as his physical inspection of the lacrosse head that had been presented to the NCAA Committee in 1983, as additional evidence of STX's

---

[4] Fed. R. Civ. P. 60(b) states that "[o]n motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; . . . (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; . . . (6) any other reason justifying relief from the operation of the judgment. . . ."

"inequitable conduct."

STX, in denying these allegations by Warrior, submits that it has always believed that Rule's presentation to the NCAA Committee in 1983 was premised upon the Laserlight lacrosse head, inasmuch as it was the only high wall product that was available on the market at the time. STX also points out that Rule, in his deposition testimony, acknowledged that he did not consider his use of a STX lacrosse head prototype as constituting a presentation of a competitor's product. Moreover, Rule denies that he used a duplicate STX lacrosse head during his presentation to the NCAA Committee. Rather, it is his contention that a STX lacrosse head was utilized by him as the material from which he created the prototype that was ultimately presented to the NCAA Committee.

In addition, STX contends that Warrior has been fully aware of the differences between these two lacrosse heads (namely, the Laserlite lacrosse head and the Laser HiWall lacrosse head), as well as the different dates of their introductions into the market, since early December 2000. Finally, STX contends that Peter Brine ultimately conceded that he did not recall the exact particularities of Rule's presentation before the NCAA Committee.

## II.

The imposition of sanctions upon a party for fraud upon a court is a serious charge which must be established by clear and convincing evidence. *Booker v. Dugger*, 825 F.2d 281, 283-84 (11th Cir. 1987). In 1993, the Sixth Circuit Court of Appeals defined fraud on a court as consisting of conduct (1) by an officer of the court, (2) that is directed to the "judicial machinery" itself, (3) which is intentionally false, willfully blind to the truth, or is in reckless disregard of the truth or falsity, (4) that is a positive averment or concealment when one is under a duty to disclose, and (5) that deceives the Court. *Demjanjuk v. Petrovsky,* 10 F.3d 338, 348 (6th Cir. 1993). However, if an

attorney has offered material evidence and subsequently becomes aware of its falsity, it is his/her responsibility to undertake immediate appropriate remedial measures. *Schreiber Foods, Inc. v. Beatrice Cheese, Inc.* 402 F.3d 1198, 1205 (Fed. Cir. 1993).

STX, having conceded that it did not produce the two product catalogs during discovery, submits that neither of them had been requested by Warrior. Although this contention has been denied by Warrior, the Court is not satisfied that this "failure" by STX was due to an intentional attempt to conceal the 1983 and 1986 catalogs which allegedly disclosed the identity of the lacrosse head configuration. Moreover, and in the opinion of the Court, the evidence which has been produced by Warrior on this issue does not definitively support the conclusion that STX was aware of Rule's mistake at the time of the hearing before this Court. Under these circumstances, the Court cannot conclude that STX (1) intentionally deceived the Court, or (2) should be sanctioned.

Accordingly, Warrior's motion for reconsideration and for the imposition of sanctions against STX must be, and is denied. Furthermore, the order of June 12, 2007 shall remain without modification.

IT IS SO ORDERED.


Dated:   March 29, 2007                              s/ Julian Abele Cook, Jr.
            Detroit, Michigan                              JULIAN ABELE COOK, JR.
                                                                  United States District Court Judge


## Certificate of Service

I hereby certify that on March 29, 2007, I electronically filed the foregoing with the Clerk of the Court using the ECF system, and I further certify that I mailed a copy to the non-ECF participant(s).

                                                          s/ Kay Alford
                                                          Courtroom Deputy Clerk