UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


WARRIOR LACROSSE, INC.,
A Michigan Corporation,

               Plaintiff,                              CIVIL ACTION NO. 04-70363

               v.                                 DISTRICT JUDGE JULIAN ABELE COOK, JR.

STX, L.L.C., a Maryland Limited          MAGISTRATE JUDGE VIRGINIA MORGAN
Liability Company,

               Defendant.
_____/


## REPORT AND RECOMMENDATION GRANTING DEFENDANT'S MOTION FOR SEPARATE TRIAL ON ISSUES OF INEQUITABLE CONDUCT

This matter is before the court on the motion of STX for a Separate Trial on Issues of

Inequitable Conduct. Oral argument was held before the magistrate judge on May 30, 2007. For

the reasons stated on the record and as set forth in this Report, it is recommended that the motion

be granted.[1] This motion requests a separate pretrial hearing for a determination of whether

_____

[1]The case was originally assigned to Magistrate Judge Capel who heard numerous
matters and to District Judge Cook, who will be the trial judge. This is the first matter in this
case heard by the undersigned. Because I feel that I know less about this case than either judicial
officers who have been extensively involved and because ultimately, this is a discretionary
decision best left to the trial judge due to the impact on the trial judge's schedule as well as jury
trial issues and instructions, I submit a Report & Recommendation permitting *de novo* review by
the district judge.

there was inequitable conduct before the Patent Office in the prosecution of the reissuance of one

of the two patents in suit, that is, the '216 patent.

The issues in the case arise from claims by Warrior Lacrosse, Inc. (Warrior) who accused

on its competitors STX, L.L.C. (STX) of infringing upon two of its patents, namely US. Patent

No. 6,561,932 (the '932 patent) and US Patent RE 38,216 (the '216 Patent).  On May 14, 2004,

Warrior filed this action for infringement.  Some three years and over 300 docket entries later, it

appears that the parties are not much closer to trial or resolution than they were when they began.

The case is temporarily stayed while the Patent Office decides whether to reinstate the '216

patent which lapsed in October, 2004, for non-payment of the required maintenance fee.  The

goal at this stage of the litigation is to get this case tried.  The plethora of motions seems to have

done little more than expend time and money.  The question then becomes, would the trial be

quicker, shorter, simpler, or fairer if STX's motion were granted or denied?  There are arguments

on both sides of the question and they were vigorously put forward by counsel.

STX wishes to have the court decide the issue of inequitable conduct prior to the trial on

the merits.  If such conduct were found, it would render the '216 patent unenforceable (at least if

not reversed on appeal).  STX believes then the case would be shorter as only one of the patents

would remain in suit.[2]

The defense of inequitable conduct in patent cases is a variation of the general equitable

defense of unclean hands.  To raise the defense of inequitable conduct, the accused infringer

---

[2]What was not discussed at oral argument is whether an interlocutory appeal could be
taken from the court's finding.

asserts that the patent is not enforceable because the applicant, with the intent to deceive,

obtained the patent by misrepresenting or withholding material information from the Patent and

Trademark Office (the PTO) or by submitting false and material information to the PTO.   The

defense has become to be asserted so frequently that the Federal Circuit indicated that it has little

patience with unfounded charges of inequitable conduct in the procurement of a patent, saying

that 'the habit of charging inequitable conduct in almost every major patent case has become an

absolute plague." Burlington Industries Inc. v. Dayco Corp., 849 F.2d 1418, 1422 (Fed. Cir.

1988).  In the recent decision of Cargill, Inc. v. Canbra Foods, Ltd., 476 F.3d 1359 (Fed. Cir.

2/14/07), the court stated that to hold a patent unenforceable due to inequitable conduct, there

must be clear and convincing evidence that the applicant (1) made an affirmative

misrepresentation of material fact, failed to disclose material information, or submitted false

material information and (2) intended to deceive the PTO, citing Impax Labs, Inc. v. Avetis

Pharmaceuticals, Inc., 468 F.3d 1366 (Fed. Cir. 2006).[3] Cargill also discussed both the

clarification of materiality offered in Digital Control Inc. v. Charles Mach. Works, 437 F.3d

1309 (Fed. Cir. 2006) and the intent element of inequitable conduct of Impax Labs.  There, intent

was explained as requiring that the conduct, "viewed in light of all the evidence, including

evidence indicative of good faith, must indicate sufficient culpability to require a finding of

_____

[3]STX filed a motion for the court to consider this case; the motion was opposed by
Warrior, essentially on the ground that the extensive brief filed by STX was unnecessary as a
letter would have sufficed to bring the case to the court's attention.  The court has not only the
option but the duty to consider recent appellate case law.  Although the motion was granted, a
simple letter bringing the decision to the court's attention would have been enough.  In addition,
Cargill, although helpful, does not change or announce any new standard of review.

intent to deceive." <u>Impax Labs</u>, 468 F.3d at 1374-75. Once the court finds clear and convincing

evidence of both materiality and intent, then it must balance the equities to determine whether

the patentee has committed inequitable conduct that warrants holding the patent unenforceable.

<u>Cargill</u> at 1364.

As I understand the case from a review of the docket and the arguments of counsel, STX

claims that enforcement of Warrior's '216 patent on a scooped lacrosse head is barred, in whole

or in part, because of Warrior's failure to disclose relevant documents before the United States

Patent and Trademark Office (the PTO). The younger Mr. Artz represented Warrior in those

proceedings. These at-issue documents relate to minutes of a meeting on May 15, 1983, of the

United States Intercollegiate Lacrosse Association (ISILA) where a presentation was made by a

Mr. Rule regarding development by Brine (another competitor) of a lacrosse head design (the

Rule stick)[4]. Subsequent references (alleged misrepresentations) to the PTO by Artz indicated

that this related to an offset handle as opposed to an offset head. See, Order Denying Motion for

Summary Judgment (#270) at 2. STX contends that these actions amount to inequitable conduct

because they were material and done intentionally. As found by the district judge in the above

referenced Order, patent applicants have a duty to prosecute patent applications before the PTO

with candor, good faith and honesty. The court found that Warrior's prosecution counsel had

violated that required duty of candor in the information pertaining to the 1983 Minutes and

related documents. However, the court further found that a genuine issue of material fact exists

---

[4]There is some indication that the offset stick presented by him during the May, 1983 meeting on behalf of Brine was constructed of a STX lacrosse head.

as to whether (1) the 1983 minutes were confidential, (2) the alleged lacrosse head constitutes

prior art, and (3) the testimony of STX's witnesses is corroborated.

Subsequently, a three day evidentiary hearing was held before Magistrate Judge Capel

with extensive testimony from Mr. Rule and other evidence. This in addition to answers to

interrogatories lead STX to contend that the record is sufficiently supplemented so as permit a

pre-trial hearing. STX believes that the inequitable conduct defense can be tried in one day or

less and a resolution of this defense would shorten the case considerably. Warrior disagrees and

contends that the hearing would need to be at least a week, and that to try the inequitable conduct

defense (which both sides concede is not a jury determination) would violate its constitutional

right to a jury trial under the Seventh Amendment.

The case law establishes that the method and manner of determining the inequitable

conduct defense is within the court's sound discretion. Some courts have tried the inequitable

conduct case first and others have waited until the jury determination and decided the matter post

trial. Both ways are permissible. Compare, Gardoco Mfg., Inc. v. Herst Lighting, Co., 820 F.2d

1209, 1213 (Fed. Cir. 1987) (permissible to try inequitable conduct claim first); Agfa Corp. v.

Creo Products Inc. 451 F.3d 1366, 1372-73 (Fed. Cir. 2006) (bench trial proper even if some

overlap with issues that go to a jury) with Medpointe Healthcare, Inc. v. Hi-Tech Pharmacal Co.,

Inc., 2007 WL 188285 (D. N.J. Jan 22, 2007)(granting motion to bifurcate and try inequitable

conduct defense in subsequent bench trial).

In this case, it also may be helpful to resolve the issue pre-trial so as to resolve any

concern regarding whether the younger Mr. Artz will be a witness or advocate at trial. It may be

helpful to the trial judge to have a full explanation of the process of the re-issuance of the patent before the trial begins so as to rule on motions in limine.

In this case, although a pretrial hearing has certain advantages, it is not for certain that it is the better method to accomplish issues of justice and judicial economy. It is possible that with the expanded record, recent guidance from the Federal Circuit, and sufficient time, the court could determine conduct an appropriate balancing test, reach a just conclusion and shorten the trial. However, counsel may not truly be able to make the truncated presentation required to make the hearing both effective and meaningful and may desire to take an interlocutory appeal. After considering the issues, the record, the arguments of counsel, and the case law, it is recommended that the motion be granted. However, this recommendation is subject to *de novo* review regardless of whether objections are filed.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. Thomas v. Arn, 474 U.S. 140 (1985); Howard v. Secretary of HHS, 932 F.2d 505, 508 (6th Cir. 1991); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991); Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987).

Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.


_____
VIRGINIA M. MORGAN
UNITED STATES MAGISTRATE JUDGE

Dated: _____