UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WARRIOR LACROSSE, INC.,
A Michigan Corporation,

        Plaintiff,

v.                                              Case Nos. 04-70363 & 04-71842
                                              Honorable Julian Abele Cook, Jr.
STX, L.L.C., a Maryland Limited
Liability Company,

        Defendants.

_____/

ORDER

The issues in this case arise from accusations by the Plaintiff, Warrior Lacrosse, Inc. ("Warrior"), that the Defendant, STX, L.L.C ("STX"), committed acts which infringed upon two of its patents.[1] In an order of March 29, 2007, the Court reaffirmed its earlier directive of June 12, 2006 in which it concluded that certain identifiable letters and photographs were "material" to the prosecution of Warrior's patent.[2] On April 11, 2007, Warrior filed a motion in which it asked the

---

[1] The following two patents are the subject of this lawsuit; namely, U.S. Patent No. 6,561,932 ("932 Patent") and U.S. Patent RE 38, 216 ("216 Patent").

[2] The March 29th order specifically addressed Warrior's request for a reconsideration of a June 12th directive from the Court which was adverse to its position in this litigation. It should also be noted that, in this motion Warrior is seeking reconsideration of a rejection by the Court of its earlier application for reconsideration.

1

Court to reconsider its decision of March 29th, citing Fed. R. Civ. P. 60(b)[3] and E.D. Mich. LR 7.1(g)(3)[4].

For the reasons that have been set forth below, this motion by Warrior must be denied.

I.

In its order of June 12th, the Court determined that certain identifiable documents and photographs pertaining to Robert Rule in 1983 were material to the defense by STX in its opposition to the Warrior's position in this litigation. Here, STX has premised its inequitable conduct defense on its allegation that Warrior had withheld material information from the United States Patent and Trademark Office ("USPTO") during the review process of its patent application. However, Warrior maintains that this decision by the Court was based upon an incorrect set of facts, about which it was unaware on June 12, 2006. Warrior submits that during an evidentiary hearing by a magistrate judge ten days later, Robert Rule ("Rule") recanted his prior sworn

---

[3]Rule 60(b) of the Federal Rules of Civil Procedure provides, in part, that "[o]n motion and upon such terms as are just, the court may relieve a part or the party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment."

[4]This Local Rule reads as follows: "Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case."

2

testimony regarding the authenticity of the documents and photographs which had been deemed to be material by the Court. Moreover, Warrior maintains that the March 29th order, which is the subject of its motion, is in direct conflict with the report of the magistrate judge which was subsequently adopted by the Court on March 14, 2007. On this issue, Warrior submits that the magistrate judge determined that "there is no documentary evidence besides the 1983 Committee Meeting Minutes to prove whether the offset subject Mr. Rule presented was an offset head or an offset stick, because Mr. Rule's models are replicas, not originals." Although Warrior concedes that this evidence had not been developed in June 2006, it asserts that the earlier rejection of its previous motion for reconsideration by the Court was erroneous. Thus, Warrior urges the Court to resolve the alleged conflict between its order of March 29th and the conclusions of the magistrate judge.

STX strongly disagrees, arguing that the magistrate judge asserted that "[w]hile Mr. Rule's letter and photographs were indeed a large part of the 'material documents' that STX alleges were improperly omitted, they were not the only documents that STX argued should have been included with Warrior's patent application." Ultimately, the magistrate judge concluded that Warrior had failed to present a sufficiency of evidence to support its contention that STX knew that the offset head model had been constructed from a Laser-Hi Wall. STX also notes that it was the determination of the magistrate judge that its invalidity and inequitable conduct defenses should not be automatically rejected.[5]

---

[5]The magistrate judge acknowledged that his inquiry was limited to the issues of (1) whether STX intentionally misled the Court, and (2) whether STX inappropriately failed to produce documents requested by Warrior with the intent of concealing differences between the STX Laserlite and the STX Laser Hi-Wall.

3

In its June 12th order, the Court opined that the "[i]nformation is material if there is a substantial likelihood that a reasonable patent examiner will consider the information to be important when deciding whether to allow the application to be issued as a patent." *Molins PLC v. Textron, Inc.* 48 F.3d 1172, 1179 (Fed. Cir. 1995). Although the documents were later determined not to be the prototypes that had been previously claimed by Rule, it would be incorrect to conclude that such information would not have influenced a reasonable patent examiner at the time their identity was allegedly mistaken. Although a modification of the March 29th order would result in a different disposition of the case, Warrior has failed to demonstrate a "palpable defect" in the decision of the Court that would satisfy the minimum standards of our Local Rules.

Accordingly, Warrior's request for relief must be, and is, denied.

IT IS SO ORDERED.

Dated:  June 28, 2007  
       Detroit, Michigan

s/ Julian Abele Cook, Jr.  
JULIAN ABELE COOK, JR.  
United States District Court Judge

### Certificate of Service

I hereby certify that on June 28, 2007, I electronically filed the foregoing with the Clerk of the Court using the ECF system, and I further certify that I mailed a copy to the non-ECF participant(s).

s/ Kay Alford  
Courtroom Deputy Clerk