UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


WARRIOR LACROSSE, INC.,
A Michigan Corporation,

        Plaintiff,                        CIVIL ACTION NO. 04-70363

        v.                                 DISTRICT JUDGE JULIAN ABELE COOK, JR.

STX, L.L.C., a Maryland Limited        MAGISTRATE JUDGE VIRGINIA MORGAN
Liability Company,

        Defendant.
_____/

**AMENDED[1] REPORT AND RECOMMENDATION GRANTING DEFENDANT'S
MOTION FOR SEPARATE TRIAL ON ISSUES OF INEQUITABLE CONDUCT**

This matter is before the court on the motion of STX for a Separate Trial on Issues of

Inequitable Conduct. Oral argument was held before the magistrate judge on May 30, 2007. For

the reasons stated on the record and as set forth in this Report, it is recommended that the motion

be granted.[2] This motion requests a separate pretrial hearing for a determination of whether

---

[1]The Amended Report clarifies the findings of the district judge previously paraphrased in the Report and Recommendation of June 12, 2006. It does not change the substantive determination. Objections to the original Report and Recommendation have already been filed. Because no substantive changes are made, objections are disallowed.

[2]The case was originally assigned to Magistrate Judge Capel who heard numerous matters and to District Judge Cook, who will be the trial judge. This is the first matter in this case heard by the undersigned. Because I feel that I know less about this case than either judicial officers who have been extensively involved and because ultimately, this is a discretionary decision best left to the trial judge due to the impact on the trial judge's schedule as well as jury trial issues and instructions, I submit a Report & Recommendation permitting *de novo* review by

-1-

there was inequitable conduct before the Patent Office in the prosecution of the reissuance of one of the two patents in suit, that is, the '216 patent.

The issues in the case arise from claims by Warrior Lacrosse, Inc. (Warrior) who accused on its competitors STX, L.L.C. (STX) of infringing upon two of its patents, namely US. Patent No. 6,561,932 (the '932 patent) and US Patent RE 38,216 (the '216 Patent). On May 14, 2004, Warrior filed this action for infringement. Some three years and over 300 docket entries later, it appears that the parties are not much closer to trial or resolution than they were when they began. The case is temporarily stayed while the Patent Office decides whether to reinstate the '216 patent which lapsed in October, 2004, for non-payment of the required maintenance fee. The goal at this stage of the litigation is to get this case tried. The plethora of motions seems to have done little more than expend time and money. The question then becomes, would the trial be quicker, shorter, simpler, or fairer if STX's motion were granted or denied? There are arguments on both sides of the question and they were vigorously put forward by counsel.

STX wishes to have the court decide the issue of inequitable conduct prior to the trial on the merits. If such conduct were found, it would render the '216 patent unenforceable (at least if not reversed on appeal). STX believes then the case would be shorter as only one of the patents would remain in suit.[3]

---

the district judge.

[3]What was not discussed at oral argument is whether an interlocutory appeal could be taken from the court's finding.

The defense of inequitable conduct in patent cases is a variation of the general equitable defense of unclean hands. To raise the defense of inequitable conduct, the accused infringer asserts that the patent is not enforceable because the applicant, with the intent to deceive, obtained the patent by misrepresenting or withholding material information from the Patent and Trademark Office (the PTO) or by submitting false and material information to the PTO. The defense has become to be asserted so frequently that the Federal Circuit indicated that it has little patience with unfounded charges of inequitable conduct in the procurement of a patent, saying that 'the habit of charging inequitable conduct in almost every major patent case has become an absolute plague." Burlington Industries Inc. v. Dayco Corp., 849 F.2d 1418, 1422 (Fed. Cir. 1988). In the recent decision of Cargill, Inc. v. Canbra Foods, Ltd., 476 F.3d 1359 (Fed. Cir. 2/14/07), the court stated that to hold a patent unenforceable due to inequitable conduct, there must be clear and convincing evidence that the applicant (1) made an affirmative misrepresentation of material fact, failed to disclose material information, or submitted false material information and (2) intended to deceive the PTO, citing Impax Labs, Inc. v. Avetis Pharmaceuticals, Inc., 468 F.3d 1366 (Fed. Cir. 2006).[4] Cargill also discussed both the clarification of materiality offered in Digital Control Inc. v. Charles Mach. Works, 437 F.3d 1309 (Fed. Cir. 2006) and the intent element of inequitable conduct of Impax Labs. There, intent

---

[4]STX filed a motion for the court to consider this case; the motion was opposed by Warrior, essentially on the ground that the extensive brief filed by STX was unnecessary as a letter would have sufficed to bring the case to the court's attention. The court has not only the option but the duty to consider recent appellate case law. Although the motion was granted, a simple letter bringing the decision to the court's attention would have been enough. In addition, Cargill, although helpful, does not change or announce any new standard of review.

was explained as requiring that the conduct, "viewed in light of all the evidence, including evidence indicative of good faith, must indicate sufficient culpability to require a finding of intent to deceive." Impax Labs, 468 F.3d at 1374-75. Once the court finds clear and convincing evidence of both materiality and intent, then it must balance the equities to determine whether the patentee has committed inequitable conduct that warrants holding the patent unenforceable. Cargill at 1364.

As I understand the case from a review of the docket and the arguments of counsel, STX claims that enforcement of Warrior's '216 patent on a scooped lacrosse head is barred, in whole or in part, because of Warrior's failure to disclose relevant documents before the United States Patent and Trademark Office (the PTO). The younger Mr. Artz represented Warrior in those proceedings. These at-issue documents relate to minutes of a meeting on May 15, 1983, of the United States Intercollegiate Lacrosse Association (ISILA) where a presentation was made by a Mr. Rule regarding development by Brine (another competitor) of a lacrosse head design (the Rule stick)[5]. Subsequent references (alleged misrepresentations) to the PTO by Artz indicated that this related to an offset handle as opposed to an offset head. See, Order Denying Motion for Summary Judgment (#270) at 2 (discussing STX's claims). STX contends that these actions amount to inequitable conduct because they were material and done intentionally. As found by the district judge in the above referenced Order, patent applicants have a duty to prosecute patent applications before the PTO with candor, good faith and honesty.

---

[5]There is some indication that the offset stick presented by him during the May, 1983 meeting on behalf of Brine was constructed of a STX lacrosse head.

The court found that the information pertaining to the 1983 Minutes[6] was material because it influenced the examiner's decision to approve "the reissue patent application." However, the court further found that a genuine issue of material fact existed as to the intentions of Artz (Warrior's patent counsel) when submitting the patent application to the PTO. The court found that although the information was "material," there were facts in dispute regarding (1) whether Artz did or did not mislead the PTO, and 2) whether his challenged conduct was intentional. (Order 13)  In addition, there are material facts in dispute as to whether (1) the 1983 minutes were confidential, (2) the alleged lacrosse head constitutes prior art, and (3) the testimony of STX's witnesses is corroborated. (Order 9)

Subsequently, a three day evidentiary hearing was held before Magistrate Judge Capel with extensive testimony from Mr. Rule and other evidence. This in addition to answers to interrogatories lead STX to contend that the record is sufficiently supplemented so as permit a pre-trial hearing. STX believes that the inequitable conduct defense can be tried in one day or less and a resolution of this defense would shorten the case considerably. Warrior disagrees and contends that the hearing would need to be at least a week, and that to try the inequitable conduct defense (which both sides concede is not a jury determination) would violate its constitutional right to a jury trial under the Seventh Amendment.

The case law establishes that the method and manner of determining the inequitable conduct defense is within the court's sound discretion. Some courts have tried the inequitable

---

[6] I understand this information to be Mr. Rule's letter and photographs, declaration, deposition testimony, and other witness declarations alleged by STX to be in Warrior's possession based on admissions in another case and which STX claims were not presented.

conduct case first and others have waited until the jury determination and decided the matter post trial. Both ways are permissible. Compare, Gardoco Mfg., Inc. v. Herst Lighting, Co., 820 F.2d 1209, 1213 (Fed. Cir. 1987) (permissible to try inequitable conduct claim first); Agfa Corp. v. Creo Products Inc. 451 F.3d 1366, 1372-73 (Fed. Cir. 2006) (bench trial proper even if some overlap with issues that go to a jury) with Medpointe Healthcare, Inc. v. Hi-Tech Pharmacal Co., Inc., 2007 WL 188285 (D. N.J. Jan 22, 2007)(granting motion to bifurcate and try inequitable conduct defense in subsequent bench trial).

In this case, it also may be helpful to resolve the issue pre-trial so as to resolve any concern regarding whether the younger Mr. Artz will be a witness or advocate at trial. It may be helpful to the trial judge to have a full explanation of the process of the re-issuance of the patent before the trial begins so as to rule on motions in limine.

In this case, although a pretrial hearing has certain advantages, it is not for certain that it is the better method to accomplish issues of justice and judicial economy. It is possible that with the expanded record, recent guidance from the Federal Circuit, and sufficient time, the court could determine conduct an appropriate balancing test, reach a just conclusion and shorten the trial. However, counsel may not truly be able to make the truncated presentation required to make the hearing both effective and meaningful and may desire to take an interlocutory appeal. After considering the issues, the record, the arguments of counsel, and the case law, it is recommended that the motion be granted. However, this recommendation is subject to *de novo* review regardless of whether objections are filed.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. Thomas v. Arn, 474 U.S. 140 (1985); Howard v. Secretary of HHS, 932 F.2d 505, 508 (6th Cir. 1991); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991); Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

                                                s/Virginia M. Morgan
                                                Virginia M. Morgan
                                                United States Magistrate Judge

Dated: July 19, 2007

**PROOF OF SERVICE**

The undersigned certifies that the foregoing Amended Report and Recommendation was served upon counsel of record via the Court's ECF System and/or U. S. Mail on July 19, 2007.

                                              s/Jane Johnson
                                              Case Manager to
                                              Magistrate Judge Virginia M. Morgan