UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WARRIOR LACROSSE, INC.,
A Michigan Corporation,

        Plaintiff,

v.

STX, L.L.C., a Maryland Limited
Liability Company,

        Defendants.

Case Nos. 04-70363 & 04-71842
Honorable Julian Abele Cook, Jr.

## ORDER

The issues in these two cases, which have been combined for purposes of judicial economy, arise from claims by the Plaintiff, Warrior Lacrosse, Inc. ("Warrior"), that the Defendant, STX, L.L.C ("STX"), infringed upon two of its patents; namely, U.S. Patent No. 6,561,932 ("932 Patent") and U.S. Patent RE 38, 216 ("216 Patent"). On November 28, 2006, STX filed a motion, seeking to obtain a separate trial on those issues which relate to its claims of inequitable conduct by representatives of Warrior who allegedly made false representations during the application process of the '216 Patent before the United States Patent and Trademark Office ("USPTO").[1] On May 31, 2007, a magistrate judge, to whom this motion had been submitted for her evaluation, produced a report in which she recommended, in essence, that this Court should grant STX's

---

[1] Fed. R. Civ P. 42(b) authorizes a district court to try separate trials in order to avoid potential prejudice or to maximize judicial economy.

motion for a separate trial.[2] The motion by STX is now before the Court for its consideration.

I.

STX contends that Warrior should not be allowed to enforce the '216 Patent because of its failure to disclose relevant documents to the USPTO during the application process. These documents pertain to the 1983 meeting minutes of a NCAA Lacrosse Rules Committee wherein Robert Rule[3] allegedly proffered a lacrosse stick with an "offset" head that had been placed on the market by Brine, Inc. ("Brine"), another competitor. The exact content of Rule's presentation has been the subject of great dispute between the parties since that time. It is STX's position that an attorney for Warrior made a intentional misrepresentation to the USPTO; namely, Rule's proffered lacrosse stick contained an "offset handle" - not an "offset head." Moreover, STX maintains that the attorney for Warrior was fully aware that the lacrosse stick had a straight handle and an "offset head." STX argues that this was an intentional mischaracterization of the true facts by Warrior, and represents its purposeful decision not to disclose correct information to the USPTO which, in turn, constitutes an act of inequitable conduct that should be sanctioned by the Court.

It should be noted that on June 12th of last year, the Court concluded that the information pertaining to the minutes of the 1983 meeting was material, in that it appeared to have been an influencing factor in the decision by the patent examiner to approve the reissue patent application.

---

[2] Although the first report from the magistrate judge had been submitted to the Court on May 31, 2007, an amended report, which was designed to clarify her earlier recommendation, was filed nearly six weeks later ( July 19, 2007). However, this second report, as modified, did not change the magistrate judge's substantive determination of the issue.

[3] Robert Rule was employed as a consultant for Brine, Inc. for nearly two decades from the mid 1970's until 1990. He had attended various USILA Committee meetings to make presentations on behalf of Brine, Inc. It was during the 1983 meeting where he presented the alleged "offset" head on the lacrosse stick.

Notwithstanding, the Court concluded that there was a genuine issue of a material fact as to whether Warrior did or did not intentionally mislead the USPTO.

II.

Generally, a district court examines a magistrate judge's recommendations to determine, among other things, if there is a clear error of law. *U.S. Fidelity and Guar. Co. V. Thomas Solvent Co.*, 955 F.2d 1085, 1088 (6th Cir. 1992). Ultimately, it is within the discretion of the Court to determine the applicability of an inequitable conduct defense. *See Gardoco Mfg., Inc. V. Herst Lighting, Co.*, 820 F. 2d 1209, 1213 (Fed. Cir. 1987).

In its request for a separate trial, STX asserts a separate hearing on this issue is legally appropriate and judicially efficient. It argues that the scope of the inequitable conduct issue is extremely narrow, and all of the pertinent information can be expeditiously presented to the Court.[4] Moreover, it is STX's belief that there would not be any significant overlap between the inequitable conduct issue and the two patent claims. Thus, in its opinion, a resolution of the claimed inequitable conduct dispute will significantly reduce the length of the trial on the remaining issues. Furthermore, STX submits that if the Court determines that its complaint about Warrior's alleged misconduct is validated, this judicial conclusion would render the '216 Patent unenforceable.

Warrior opposes this motion, arguing that the suggested bifurcation would extend the length of this dispute and, in turn, cause it to incur an unnecessary expense. Warrior also contends that such a separation of the trial would constitute a violation of its fundamental rights under the Seventh Amendment to a jury trial because its defense to the inequitable conduct charge by STX would raise relevant facts and issues that can only be decided by a jury. In support of this argument,

---

[4]Specifically, STX maintains that this issue can be resolved in approximately one day. However, Warrior takes a different view, contending that such a hearing would have a duration of nearly one week.

Warrior asserts that the issues of enforcement and invalidity of the '216 and '932 Patents are so intertwined that a separate trial, as suggested by STX, would run counter to any form of judicial efficiency. Warrior maintains that the "prior art" issue, as well as the claimed misconduct should be evaluated simultaneously during the same hearing because it will involve - for the most part - the same witnesses, exhibits, and evidence.

III.

In rendering her report, the magistrate judge opined that a hearing which pertains exclusively to the alleged misrepresentations by a member of Warrior's legal team would have the practical effect of shortening any subsequent trial and promoting judicial economy. Furthermore, it was her view that a hearing relating to the alleged inequitable conduct hearing may promote efficiency by providing the Court with background information that would be helpful when deciding any future motions in limine. Moreover, the magistrate judge expressed the view that a bifurcated trial would relieve the attorney, whose conduct has been challenged by STX, of any potential ethical conflicts.

IV.

Following its review of the official record in this cause and relying, in part, upon the analysis as well as the conclusions of the magistrate judge, this Court adopts her findings of the facts. The inequitable conduct issue is largely separate from the other claims in this case, with a minimal potential for an overlapping. There is also the potential merit to the view by the magistrate judge that a resolution of this issue may result in a significant reduction in the length of any subsequent hearing on the remaining issues in controversy.

Therefore, the Court is satisfied that this equitable issue should be decided separately without encroaching upon Warrior's right to a jury trial. The claims by STX of misconduct by

Warrior are equitable in nature. Under these circumstances, the Court concludes that Warrior is not entitled to a jury trial on this issue.

V.

Hence, and for the reasons that have been stated above, the Court, in adopting the recommendation of the magistrate judge, grants STX's motion to sever pursuant to Fed. R. Civ. P. 42(b). Therefore, the Court determines that this case shall be placed on the trial docket by its case manager so that the issues relating to the alleged misconduct by representatives of Warrior before the USPTO and all of the remaining issues in this litigation (i.e., the efficacy of the "932 Patent" and the "216 Patent") may be resolved separately.

IT IS SO ORDERED.

Dated:  August 23, 2007             s/ Julian Abele Cook, Jr.
     Detroit, Michigan                        JULIAN ABELE COOK, JR.
                                                          United States District Court Judge

Certificate of Service

I hereby certify that on August 23, 2007, I electronically filed the foregoing with the Clerk of the Court using the ECF system, and I further certify that I mailed a copy to the non-ECF participant(s).

                                                                                       s/ Kay Alford
                                                                                       Courtroom Deputy Clerk