UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WARRIOR LACROSSE, INC.,

        Plaintiff,

v.

                                                          Case Nos. 04-70363 & 04-71842
STX, L.L.C.,                                    Honorable Julian Abele Cook, Jr.

        Defendant.

## ORDER

This case involves a patent infringement action by the Plaintiff, Warrior Lacrosse, Inc. ("Warrior") who has accused the Defendant, STX, L.L.C. ("STX") of infringing upon two of its patents; namely, United States Patent No. 6,561,932 ("the '932 Patent") and United States Reissue Patent No. 38,216 ("the '216 Patent").

On August 23, 2007, the Court entered an order which bifurcated this lawsuit and declared that a separate bench trial would be held on those issues relating to STX's claims of inequitable conduct by representatives of Warrior who had allegedly made false statements to government officials during the application process of the '216 Patent before the United States Patent and Trademark Office. On September 27, 2007, Warrior, feeling aggrieved from the order of August 23rd, filed a "Petition for Writ of Mandamus" ("Petition") with the United States Court of Appeals for the Federal Circuit. Several weeks later (October 17, 2007), Warrior filed a "Motion for Stay

Pending Final Decision from Mandamus Petition" with this Court,[1] contending that the now-challenged bifurcation directive would "unavoidably constitute a violation of its Seventh Amendment fundamental right to a jury trial as STX's inequitable conduct charge, as well as Warrior's rebuttal evidence, would necessarily raise facts and issues which could only be decided by a jury." Warrior also submits that the application of such a bifurcation would unnecessarily extend the length of this litigation. The Federal Circuit has not ruled on Warrior's Petition as of this date.

This Court possesses the inherent power to control the disposition of those cases on its docket in an efficient and timely manner which includes the authority to stay proceedings. *Landis v. North American Co.,* 299 U.S. 248, 254 (1936). When addressing a party's request for the entry of a stay order, a court must exercise its judgment by weighing the competing interests and maintaining an even balance. *Id.* at 254-55. The party, who seeks to obtain a stay, must "make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to some one [*sic*] else." *Id.* at 255. The Sixth Circuit Court of Appeals has also stated that "the burden is on the party seeking the stay to show that there is a pressing need for delay, and that neither the other party nor the public will suffer harm from entry of the order." *Ohio Envtl. Council v. U.S. District Court,* 565 F.2d 393, 396 (6th Cir. 1977).

Here, Warrior maintains that, unless this motion is granted and these proceedings are stayed pending an appellate review of the August 23rd by the Federal Circuit, it could be irreparably

---

[1]Warrior, through its counsel, submits that he attempted to contact the attorney for STX on a "couple of occasions" prior to filing this motion in an effort to obtain his concurrence, as required by E.D. Mich. R. 7.1. However, Warrior asserts that STX neither gave his consent to its pending motion nor filed a response in opposition to the requested relief.

harmed with the loss of its Seventh Amendment right to a jury trial. Warrior also contends that neither STX nor the general public will be harmed if this litigation is stayed pending a decision by the Federal Circuit. The Court agrees, believing that the best interests of these two parties and the general public would be best served if the issue in dispute is resolved by the Federal Circuit prior to the commencement of a trial on the merits. Such a stay would avoid the possibility of a disparity over the issues that are now pending before the Federal Circuit.

For the reasons that have been stated above, the Court will grant Warrior's motion. Therefore, all further proceedings in this case are stayed pending a final resolution of the issues on appeal by the Court of Appeals for the Federal Circuit.

IT IS SO ORDERED.

Dated: November 6, 2007　　　　　　　　　　　s/ Julian Abele Cook, Jr.
　　　　　Detroit, Michigan　　　　　　　　　　　JULIAN ABELE COOK, JR.
　　　　　　　　　　　　　　　　　　　　　　　　United States District Court Judge


Certificate of Service

I hereby certify that on November 6, 2007, I electronically filed the foregoing with the Clerk of the Court using the ECF system, and I further certify that I mailed a copy to the non-ECF participant(s).

　　　　　　　　　　　　　　　　　　　　　　　s/ Kay Alford
　　　　　　　　　　　　　　　　　　　　　　　Courtroom Deputy Clerk